IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARON RODRIGUEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> G&M INVESTMENTS, INC.; PHIL ) <br> MEISINGER, LLC; PHILLIP C. MEISINGER ) <br> III; SHARA S. MEISINGER; NATIONAL ) <br> FINANCIAL COMPANY; JOE GIGLIETTI; ) <br> STEWART TITLE COMPANY OF ILLINOIS, ) <br> INC.; LEHMAN BROTHERS BANK FSB and ) <br> DOES 1 through 100, ) <br> ) <br> Defendants. ) | Case No.: 1:08-cv-02033 <br><br> Judge: Ruben Castillo <br> Magistrate Judge Jeffrey Cole |

**DEFENDANT STEWART TITLE COMPANY OF ILLINOIS, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION PURSUANT TO RULE 8(a)(2); 9(B); 11(b)(3) AND 12(b)(6)**

Defendant Stewart Title Company of Illinois, Inc. ("Stewart"), by and through its attorneys, Peter M. King and William J. Holloway, for its Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 8(a)(2), 9(b); 11(b)(3), and 12(b)(6) states as follows:

**STANDARD FOR FED. R. CIV. P. 8(a)(2) MOTION**

In *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346-348 (2005), the Court required a plaintiff to plead factual allegations relevant to "loss causation," an element of a securities fraud claim. In *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), an anti-trust class action, but under the Sherman Act, the court ruled that the complaint could not survive a motion to dismiss without some factual context suggesting an agreement in restraint of trade, sufficient to state a claim to relief that was "plausible on its face." *Id*. The court reiterated the traditional Rule 8 standard, which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief" sufficient to "give the defendant fair notice of what

the ... claim is and the grounds upon which it rests," and also noted that on a motion to dismiss, the district courts mostly must accept as true all the factual allegations in the complaint. *Id.* at 1964. However, the court went on to say that, while a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1964-1965. Rather, the court interpreted the basic Rule 8 notice standard as requiring enough facts to state a claim for relief that is plausible on its face.

### STANDARD FOR FED. R. CIV. P. 11(b)(3)

The primary objective of Rule 11 is to deter frivolous lawsuits, but compensating those forced to defend such litigation is also appropriate. *Brandt v. Schal Associates, Inc.*, 960 F.2d 640, 645-46 (7th Cir. 1992). Counsel must conduct a reasonable investigation of the facts necessary to support their claims. *Anderson v. County of Montgomery*, 111 F.3d 494, 501 (7th Cir. 1997).

### STANDARD FOR FED. R. CIV. P. 12(b)(6) MOTION

A motion to dismiss pursuant to Federal Rule 12(b)(6) should be granted if a complaint fails to state a claim upon which relief may be granted. *Corcoran v. Chicago Park Dist.*, 875 F.2d 609 (7th Cir. 1989). While a court must assume that all well-pled allegations in a complaint are true, this Court need not strain to find favorable inferences which are not apparent on the face of the complaint. *Coates v. Illinois State Board of Education*, 559 F.2d 445, 447 (7th Cir. 1977). This Court should also not affect as true any unsupported conclusions of fact or assertions involving mixed allegations of fact and law. *Young v. Murphy*, 90 F.3d 1225, 1233 (7th Cir. 1996). Most importantly, this Court should disregard any "legal conclusions" that are alleged or

which can be inferred from the allegations. *Nelson v. Monroe Regional Medical TT.*, 925 F.2d 1555, 1559 (7th Cir. ) (cert. denied, 502 U.S. 903 (1991)).

## ARGUMENT

### A. Violation of Rule 8(a)(2) and Rule 11(b)(3)

The self-important, overstuffed, verbose seventeen page complaint that uses smaller than normal type is, on its face, a plain violation of Rule 8(a)(2) in the respect that:

- It is plainly not a "short and plain statement of the claim showing that the pleader is entitled to relief."

- Key paragraphs of the complaint, including 25, 26, 28, 29, 30, 38, 40, and 45, purport to be on "information and belief." Although the Illinois Code of Civil Procedure permits such pleading if the complaint is verified, the Federal Rules do not. In substance, the plaintiff is telling the Court it has a hunch. That is not good enough to amount to a complaint under Rule 8 or good faith compliance with Rules 9(b) and 11(b)(3).

- The complaint purports to plead five claims against Stewart. But no claim provides enough facts to present a claim against Stewart that is "plausible on its face." This is explained in more detail below. However, the point is that under Rule 8(a)(2) the plaintiff must plead *some facts* and under Rule 11(b)(3) what is pleaded must be supported by *evidence,* not guess, speculation, or conjecture. The Federal Rules do not permit pleading on information and belief.

### B. Violation of Rule 12(b)(6)

1.  **First Cause of Action/Equitable Mortgage.**

An equitable mortgage is defined by Illinois statute:

> Every deed conveying real estate, which shall appear to have been intended only as a security in the nature of a mortgage, though it be an absolute conveyance in terms, shall be considered as a mortgage. 765 ILCS 905/5.

Stewart is not a proper party to plaintiff's complaint to have a deed "considered as a mortgage." Nowhere in the complaint is it alleged that Stewart has a claim or interest in title or is the grantee of a deed that is the subject of plaintiff's First Cause of Action. Nowhere in the complaint is it alleged that Stewart has now or ever had any interest in the title to the property in question. A complaint to quiet title that joins a party with no claim to title is not plausible on its face.

2.  **Second Cause of Action/Alleged Violation of Truth in Lending Act.**

Paragraph 38 of the complaint alleges "upon information and belief" the legal conclusion that "defendants" [apparently including Stewart] are subject to the Truth in Lending Act, 15 U.S.C. §1601 *et seq* (the Act). Nowhere in the complaint are any facts alleged which, if true, would support that legal conclusion. It is further alleged "upon information and belief" that defendants [presumably including Stewart] violated the disclosure and rescission requirements of the Act in six separate ways. Paragraph 40, "upon information and belief", refers and cites 15 U.S.C. §1638(a)(2), (3), (4), (5), (6), and (9). However, examination of the statute shows that the duty to make the disclosures Plaintiff claims were never made falls upon "the creditor."

> **§1638. Transactions other than under open end credit plans.**
>
> **(a) Required disclosures by creditor.**
>
> For each consumer credit transaction other than under an open end credit plan, the *creditor* shall disclose each of the following items, to the extent applicable: … 15 U.S.C. §1638(a). (emphasis supplied)
>
> The statute further defines "creditor":
>
> (f) The term "creditor" refers only to a person who both (1) regularly extends, whether in connection with loans, sales or property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required; and (2) is the person to whom the debt arising from the consumer credit transaction is initially

> payable on the face of the evidence of indebtedness or; if there is no such evidence of indebtedness, by agreement. ...

Plainly, Stewart nowhere in the complaint is alleged to fit that definition of "creditor." Plaintiff does not even allege that it has a hunch (upon information and belief) that Stewart is a creditor. Indeed, what is alleged is that if there is a "creditor" in this case, it is one of the other defendants. See, for example, paragraph 6 of the complaint, wherein it is alleged that Lehman Brothers Bank, FSB, extended a loan in the amount of $162,500 on the subject property.

The same is alleged in paragraphs 7 and 8 of the complaint. The only part of the complaint that specifically describes Stewart is paragraph 11, and it says nothing about Stewart's business or how it fits into this case. In paragraph 20 it is alleged that a meeting took place at Stewart on January 5, 2006. The paragraph alleges no misconduct or indeed any conduct of Stewart. In paragraph 23, it alleges that:

> ...plaintiff never received a full set of closing documents and required disclosures in connection with the transaction handled by Stewart Title of Illinois. (Compl. ¶20).

A global description of Stewart's conduct that it "handled" a transaction is scarcely an allegation sufficient to put Stewart or anyone else on notice of why the heavy machinery of the law be brought down upon its head in this case. Paragraph 24 alleges that:

> ...Plaintiff was told by Stewart Title she was to receive a check in connection with the transaction, but she did not know why and she did not know the amount....

Again, if Stewart had any involvement with the participants in the transaction, it was innocent or plaintiff would have alleged the misconduct.

One searches in vain through this wordy complaint to find any allegation of misconduct that relates to Stewart. There are none. Certainly there are no allegations that would bring it

5

within the definition of "creditor" as that term is used in the Truth in Lending Act. It is not plausible on the face of the complaint that Stewart was a "creditor."

3. **Third Cause of Action/Real Estate Settlement Procedures Act.**

The Real Estate Settlement Procedures Act is at 12 U.S.C. §§2601 *et seq.* provides the following statutory definition:

> For purposes of this chapter—(1) the term "federally-related mortgage loan" includes any loan (other than temporary financing such as a construction loan) which—
>
> A. is secured by a first or subordinate lien on residential real property …
>
> B. (i) …
>
> (ii) …
>
> (iii) …
>
> (iv) is made in whole or in part by any "creditor" as defined in §1602(f) of Title 15, who makes or invests in residential real estate loans aggregating more than $1,000,000 per year, except that for purposes of this chapter, the term "creditor" does not include any agency or instrumentality of any state; 12 U.S.C. 2602.

Accordingly, for Stewart to be subject to the Real Estate Settlement Procedures Act as pled by Plaintiff, it must be alleged in the complaint that it is a "creditor" within the meaning of the Truth in Lending Act and further that it "makes or invests in residential real estate loans aggregating more than $1,000,000 per year…" The only arguably applicable allegation of the complaint is paragraph 45, which states

> Upon information and belief, defendants are creditors who make or invest in (equitable)mortgage loans aggregating more than $1,000,000 per year.

To regard paragraph 45 as alleging enough facts to warrant denial of the Stewart motion, this Court must credit an allegation made upon "information and belief" that contains no facts when the Rules do not permit such generality to support a complaint.

Moreover, Plaintiff is barred from seeking recovery under RESPA because of the one-year statute of limitations provided by law. (12 U.S.C.A. §2614). Section 2614 provides in pertinent part, that "any action pursuant to the provisions of section 2605, 2607 or 2608 of this title may be brought…within 3 years in the case of a violation of section 2605 of this title *and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation...*" *Id..* (Emphasis added). Although statute of limitations defenses are often inappropriate for resolution on a 12(b)(6) motion, if a plaintiff alleges facts that show its action is barred by the applicable statute of limitations, the plaintiff may plead itself out of court under a Rule 12(b)(6) analysis. *Johnson Controls, Inc. v. Exide Corp.*, 129 F.Supp.2d 1137, 1142 (N.D. Ill. 2001). Such is the case here.

In her Third Cause of Action, Plaintiff seeks recovery from Stewart pursuant to Section 2607(a) and Section 2607(d)(2). (Compl. ¶47 – 48). Also in her Complaint, Plaintiff claims both that the closing was on January 5, 2006, and on January 29, 2006 she "finally" reviewed a 40-page document she had never seen before entitled "Real Estate Equity Sharing Agreement." (Compl. ¶20 – 23). (There is no direct allegation in these paragraphs that Plaintiff signed the Agreement on January 29, 2006, nor is the Agreement attached to the complaint; however Defendant Stewart can only infer that the document was signed on this date). The action at bar was filed on April 10, 2008.

Regardless of which of the January, 2006 dates are used in this matter to determine the occurrence of the violation, Plaintiff is at the very least fourteen (14) months past the expiration of the applicable statute of limitations. *Estate of Henderson v. Meritage Mortgage Corp.*, 293 F.Supp2d 830 (N.D. Ill. 2003). The time permitted for Plaintiff to bring a cause of action

pursuant to Section 2607 has long expired, and Plaintiff's Third Cause of Action should therefore be dismissed.

    **4.    Fourth Cause of Action/Fraud.**

Federal Rule of Civil Procedure 9(b) provides as follows:

> **Fraud or Mistake: Conditions of Mind.** In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Additionally, in Illinois, the elements of pleading fraud are: (1) a false statement of material fact, (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce plaintiff to act; (4) plaintiff's justifiable reliance on the statement; (5) plaintiff's actual damages as a result. *Lidecker v. Kendall College*, 194 Ill.App.3d 309, 550 N.E.2d 1121 (1st Dist. 1990).

    a.    In the instant case, the pleader did not take notice of Rule 9. Nowhere are there allegations of fraud committed by Stewart. There are no such allegations either in general terms or with particularity. Indeed, insofar as there are any particular allegations in this lengthy complaint, they identify other defendants as the miscreants. For example, paragraph 50 of the complaint alleges that Plaintiff was induced by fraud to enter an equitable mortgage/deed transfer by the misrepresentation that defendants "were specialists in helping people avoid foreclosure." Nowhere is it alleged that Stewart made any such representation. It is alleged in paragraph 17 that National Financial Co. and its agent, Phil Grant, told the plaintiff they had a "stop sale and buy back program" to save the plaintiff's home from foreclosure. It is further alleged that Phil Grant put the plaintiff in contact with Joseph Giglietti as a potential "investor," who then brought in Phil Meisinger as an "investor." Stewart is not mentioned.

8

  b. It is alleged that defendants misrepresented to Plaintiff that they would help her keep her home. Paragraph 18 of the complaint alleges in part:

> Plaintiff was again told [by Giglietti] that this was "all just a formality" to allow her to keep her house. Despite her inquiries, she was not, however, told how the deal would actually work or provided copies or drafts of any proposed contracts or descriptions of how the "stop sale and buy back program" would work.

Stewart is not mentioned.

  c. It is alleged that defendants misrepresented the "nature and significance of certain documents." Paragraph 19 of the complaint alleges in part:

> Plaintiff was not told how the deal would actually work, nor was she provided copies or drafts of any proposed contracts or details about the "stop sale and buy back program."

Nowhere are there any allegations about Stewart.

Further, paragraph 20 of the complaint alleges in part:

> [referring to meeting January 5, 2006] At this "closing" meeting, plaintiff was not informed that her property had been transferred to defendants Meisinger and that they did not intend to return the property to her.

Paragraph 19 of the complaint alleges in part:

> She was told … that this closing was "just a formality," and that she would be able to keep her house.

In paragraph 20 of the complaint it is alleged:

> Plaintiff was presented with what she now understands to be a warranty deed transferring the subject property to defendants Philip Meisinger III and Shara S. Meisinger for her supposed consideration of "Ten Dollars." … Plaintiff did not understand or was told that she was signing over the deed to her house.

Again, nowhere are there any allegations about Stewart.

  d. It is alleged that the plaintiff was induced to sign over the check for $44,087.65 to Meisinger. Paragraph 25 of the complaint alleges "upon information and belief" that Phil Meisinger, LLC and Phil Meisinger and G&M Investments, Inc. and Joseph Giglietti misappropriated a check in the amount of $44,087.65.

9

Paragraph 51 alleges that "defendants" fraudulently conveyed the $162,500 security interest to Lehman Brothers Bank, FSB. However, paragraph 13 of the complaint alleges "upon information and belief" that Lehman is a holder of a first mortgage in the amount of $162,500. There are no facts pleaded to show that the mortgage was fraudulently obtained by any defendant.

The point of the foregoing is that nowhere in the complaint, whether in the more particular averments or in general, is Stewart even mentioned. The Federal Rules of Civil Procedure require Plaintiff to state with particularity the circumstances constituting the fraud and explicitly allege the facts in support thereof to apprize the opposite party of what he is called upon to answer. Plaintiff must effectively allege "who, what, when, where, and how." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Plaintiff has not made any such allegations against Stewart, and Plaintiff has failed to meet the standards set forth by Illinois case law. Accordingly, the fraud claim must be dismissed because it is not plausible on the facts alleged that Stewart committed fraud.

5.  **Fifth Cause of Action/Civil Conspiracy to Commit Fraud.**

Because this complaint does not sufficiently plead fraud against Stewart within the standards of Rule 9, it follows that the fifth cause of action alleging civil conspiracy to commit fraud is likewise legally insufficient. The fifth cause of action requires additional allegations of a combination of two or more defendants acting in concert to commit an unlawful act or a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage. *Salinas v. United States*, 522 U.S. 52 (1997). There must be some indication of the nature of the agreement

6336515v1 888234

of the specific defendant with the other defendants. *Ryan v. Mary Immaculate Queen Center*, 188 F.3d 857, 859-60 (7th Cir. 1999).

Nowhere is there an allegation of any overt act by Stewart. Nowhere is there an allegation of a particular date and time and place or any particular whatsoever relating to an alleged agreement. Therefore, Plaintiff's Fifth Cause of Action should be dismissed.

## CONCLUSION

For the foregoing reasons, Stewart Title of Illinois, Inc. should be dismissed from this case with prejudice.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: s/Peter M. King
    Peter M. King

Peter M. King
William J. Holloway
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000